UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| DARRYL M. WHITEHURST, ET. Al.   ) | |
| ) | Case No. 3:12-CV-601-J-99MMH-JRK |
| Plaintiff,   ) | |
| ) | |
| Vs.   ) | |
| ) | |
| LIQUID ENVIRONMENTAL   ) | |
| SOLUTIONS INC. A Foreign   ) | |
| Corporation Licensed to do Business in   ) | |
| the State of Florida, a/k/a INDUSTRIAL   ) | |
| WATER SERVICES INC.   ) | |
| ) | |
| Defendants.   ) | |
| ) | |

**DECLARATION OF JAMES K. KELLETT IN SUPPORT OF DEFENDANT LIQUID ENVIRONMENTAL SOLUTIONS CORPORATION'S MOTION TO COMPEL DISCOVERY AND PLAINTIFF'S INITIAL DISCLOSURES**

I, **JAMES E. KELLETT**, hereby declare, pursuant to 29 U.S.C. § 1746 and under penalty of perjury, that the following is true and correct:

1. I am a member of the firm of Crowell & Moring LLP ("Crowell & Moring"), and I have been admitted *pro hac vice* in this action as lead counsel to Defendant Liquid Environmental Solutions Corporation ("LES" or "Defendant").

2. I have had direct contact with Plaintiff, Darryl M. Whitehurst ("Plaintiff"), throughout this litigation, including, in particular, relating to his failure to fulfill his discovery obligations under the Federal Rules of Civil Procedure ("FRCP").

3. I make this Declaration in support of Defendant's Motion to Compel Discovery and Plaintiff's Initial Disclosures.

4. After Plaintiff and I met and conferred pursuant to FRCP 26(f) in late July 2012, Crowell & Moring, on August 1, 2012, served Plaintiff with Defendant's First Set of Interrogatories to Plaintiff, attached hereto at Exhibit A, and Defendant's First Set of Requests for Production of Documents to Plaintiff, attached hereto at Exhibit B.

5. Pursuant to LES's Interrogatories and Document Requests, and in accordance with FRCP 33 and 34, Plaintiff's responses to these discovery requests were due to be served on counsel for LES on or before September 4, 2012.

6. By letter dated August 27, 2012 regarding the parties' obligation to file a joint Case Management Report, I advised Plaintiff that his responses to Defendant's discovery requests were due to be served by September 4, 2012. Attached hereto at Exhibit C is a true and correct copy of my August 27, 2012 letter to Plaintiff.

7. In a phone conversation I had with Plaintiff on August 29, 2012, he gave me his e-mail address for use in our communications. Attached hereto at Exhibit D is a true and correct copy of a Memo to File regarding my August 29, 2012 phone conversation with Plaintiff.

8. In an e-mail dated September 15, 2012, I advised Plaintiff that his responses to Defendant's discovery requests were not received and were overdue. Attached hereto at Exhibit E is a true and correct copy of my September 15, 2012 e-mail to Plaintiff.

9. By letter dated October 1, 2012, I advised Plaintiff that his discovery responses had still not been received by Defendant. Attached hereto at Exhibit F is a true and correct copy of my October 1, 2012 letter to Plaintiff.

10. By phone call on October 5, 2012, I advised Plaintiff that his responses to Defendant's discovery requests had still not been received, to which he said he would "probably" send the responses the following Monday. Attached hereto at Exhibit G is a true and correct copy of an e-mail from me to Jonathan A. Moskowitz, co-counsel for LES in this action, regarding my October 5, 2012 telephone conference with Plaintiff.

11. By e-mail that same day, October 5, 2012, I reminded Plaintiff of his promise to serve his discovery on the following Monday, and also advised him that his Initial Disclosures were due that same day, October 5, 2012. Attached hereto at Exhibit H is a true and correct copy of my October 5, 2012 e-mail to Plaintiff.

12. LES served its Initial Disclosures on October 5, 2012, however, Plaintiff has never served Defendant with his Initial Disclosures despite many requests for him to do so.

13. I sent an e-mail to Plaintiff on October 11, 2012, advising him that his discovery responses and Initial Disclosures had still not been received by Defendant. Attached hereto at Exhibit I is a true and correct copy of my October 11, 2012 e-mail to Plaintiff.

14. By letter dated October 29, 2012, Mr. Moskowitz advised Plaintiff that Defendant's counsel had received his "Preliminary Answers to Defendants [sic] Interrogatories," and provided him with a detailed explanation of the deficiencies in his responses to those Interrogatories, specifically Interrogatories 1-9, 13-14, and 17. Plaintiff was also advised that his responses to Defendant's Document Requests and his Initial Disclosures had never been received. Attached hereto at Exhibits J and K,

respectively, are true and correct copies of "Plaintiff [sic] Preliminary Answers to Defendants [sic] Interrogatories" and Mr. Moskowitz's October 29, 2012 letter to Plaintiff.

15. By letter dated November 20, 2012, I advised Plaintiff that Defendant's counsel had received his "Preliminary Response to Defendant's Request for Production," and I provided him with a detailed explanation of the deficiencies in those responses, in particular his responses to Request Nos. 5-19 and 22. I further advised Plaintiff that his Initial Disclosures had never been received. *Id.* In addition, I instructed Plaintiff to bring with him to his deposition, scheduled for November 29, 2012, all documents responsive to Defendant's Document Requests. *Id.* I also explained that I would make arrangements to have the original documents copied and returned to him promptly. *Id.* Attached hereto at Exhibits L and M, respectively, are true and correct copies of "Plaintiff [sic] Preliminary Response to Defendant's Request for Production" and my November 20, 2012 letter to Plaintiff.

16. I took Plaintiff's deposition on November 29, 2012. During his deposition, I asked Plaintiff whether he had brought documents with him to turn over to Defendant's counsel for copying. Attached hereto at Exhibit N are true and correct copies of relevant pages of the transcript of Plaintiff's November 29, 2012 deposition, referenced as "Pl. Dep. p. __." Pl. Dep., p. 9.

17. Plaintiff replied that he brought documents with him, but he did not bring them to be duplicated. Ex. N, Pl. Dep., p. 9.

4

18. Plaintiff testified that he brought with him a binder of documents from the "Human Rights [Commission]," but he would not turn them over to Defendant's counsel at the deposition. *Id.,* Pl. Dep., p. 11.

19. I told Plaintiff at his deposition that our exchange should be considered a "meet and confer" as required by the FRCP, and I advised him that he had been asked "over and over to produce documents," provide revised responses to Defendant's Interrogatories, and to serve his Initial Disclosures. *Id.,* Pl. Dep., pp. 12-13.

20. Plaintiff admitted that he brought "hundreds of documents" with him to the deposition, but said "I don't know what they are. I hadn't reviewed them . . . ." *Id.,* Pl. Dep., p. 14.

21. Plaintiff testified that he had documents related to his employment at Industrial Water Services, but said about those documents, "I hadn't reviewed it." *Id.,* Pl. Dep., p. 36.

22. I said to Plaintiff, "So, of all these hundreds and hundreds of documents you have with you today, did you review any of them in preparation for your deposition today." Plaintiff responded, "No Sir, I haven't." *Id.,* Pl. Dep., p. 37.

23. Plaintiff testified that he had notes of exchanges between him and Defendant's employees related to his Complaint, but said he did not know if they were in the documents he brought to the deposition because, "I hadn't reviewed everything." *Id.,* Pl. Dep., pp. 71-72.

24. Plaintiff testified that he made a videotape of a meeting with Defendant's Human Resources Director, Joel Aguirre, regarding the altercation that occurred between

5

Plaintiff and a co-worker on February 26, 2010. He said he had been trying to locate the videotape, and when asked what he meant by trying to locate it he said, "I'm remodeling a house. I've got a lot of stuff piled up. A lot of stuff going back and forth." *Id.,* Pl. Dep., pp. 116-17.

25. When asked about the recording Plaintiff made of a telephone conversation I had with him, he replied, "It's at home" and "I got to locate it." *Id.,* Pl. Dep., p. 119.

26. Plaintiff testified that he believes he has in his possession, custody, or control copies of documents related to a complaint he filed with the NAACP related to his termination from LES but that he did not bring them with him to the deposition. *Id.,* Pl. Dep., p. 121.

27. Plaintiff had documents at the deposition related to the lawsuit filed against him by the New Hampshire Insurance Company, which lawsuit involved the insurance company suing Plaintiff for the workers' compensation costs they paid to David Coates, the Defendant's employee who was injured in the altercation he had with Plaintiff, which led to Plaintiff's discharge. Plaintiff said he also had a police report related to this matter, but he would not produce it to Defendant. *Id.,* Pl. Dep., pp. 140-41.

28. Plaintiff was asked again about his failure to produce his Initial Disclosures, and he responded, *inter alia*, "I had a lot going on." *Id.,* Pl. Dep., p. 149.

29. Responses to written discovery requests are particularly important in this action due to the continued evasiveness of Plaintiff at his deposition. Indeed, Plaintiff's responses to many questions posed to him at his deposition were to the effect, "To the

best of my knowledge at this present time, I can't recall." *See, e.g., Id.,* Pl. Dep., pp. 10, 15-16, and 36.

30. Plaintiff's deposition was held on Thursday, November 29, 2012 and I told Plaintiff he had until Tuesday, December 4, 2012 to produce all of the requested documents. *Id.*, Pl. Dep., p. 158. Plaintiff did not produce the requested documents on December 4.

31. On December 28, 2012, Plaintiff served his "2nd Preliminary Response to Defendant's Request for Production." A true and correct copy of "Plaintiff [sic] 2nd Preliminary Response to Defendant's Request for Production" is attached hereto at Exhibit O.

32. By e-mail on April 19, 2013, I advised Plaintiff that he had never provided supplemental discovery responses as requested, and had never served his Initial Disclosures. He was also reminded of an earlier e-mail that a subpoena he served on a third party on or about April 15, 2013 was not yet received by Defendant. Attached hereto at Exhibit P is a true and correct copy of my April 15, 2013 e-mail to Plaintiff. (The gap in contact with Plaintiff between November and April was due largely to my undergoing two separate surgeries during that five month period.)

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on June 14, 2013 at New York, New York.

*/s/ James E. Kellett*
James E. Kellett

**CERTIFICATE OF SERVICE**

I hereby certify that on June 14, 2013, I caused a true and correct copy of the foregoing DECLARATION OF JAMES E. KELLETT IN SUPPORT OF DEFENDANT LIQUID ENVIRONMENTAL SOLUTIONS CORPORATION'S MOTION TO COMPEL DISCOVERY AND PLAINTIFF'S INITIAL DISCLOSURES to be served upon Plaintiff by placing the document(s) listed above in a sealed envelope(s) and consigning it to first class mail service to the address set forth below:

>Darryl M. Whitehurst
>1554 W. 15th Street
>Jacksonville, FL 32209
>*Plaintiff Pro Se*

>*/s/ James E. Kellett*
>James E. Kellett

IRACTIVE-5832695.1