UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| DARRYL M. WHITEHURST, ET. Al. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | |
| ) | |
| LIQUID ENVIRONMENTAL ) | Case No. 3:12-CV-601-J-99MMH-JRK |
| SOLUTIONS INC. A Foreign ) | |
| Corporation Licensed to do Business in ) | |
| the State of Florida, a/k/a INDUSTRIAL ) | |
| WATER SERVICES INC. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**<u>DECLARATION OF JAMES E. KELLETT IN SUPPORT OF DEFENDANT LIQUID ENVIRONMENTAL SOLUTIONS CORPORATION'S RENEWED MOTION TO COMPEL DISCOVERY AND PLAINTIFF'S INITIAL DISCLOSURES, OR, IN THE ALTERNATIVE TO DISMISS, AND FOR ATTORNEYS' FEES, AND SUPPORTING MEMORANDUM OF LAW</u>**

I, **JAMES E. KELLETT**, hereby declare, pursuant to 29 U.S.C. § 1746 and under penalty of perjury, that the following is true and correct:

1. I am a member of the firm of Crowell & Moring LLP ("Crowell & Moring"), and I have been admitted *pro hac vice* in this action as lead counsel to Defendant Liquid Environmental Solutions Corporation ("LES" or "Defendant").

2. I have had direct contact with Plaintiff, Darryl M. Whitehurst ("Plaintiff"), throughout this litigation, including, in particular, relating to his failure to fulfill his discovery obligations under the Federal Rules of Civil Procedure ("FRCP").

3. Plaintiff and I had a phone conversation on Thursday, October 3, 2013 relating to his response to this Court's Order of September 16, 2013 ("Order"), requiring

responses to Defendant's discovery requests, in which I agreed that he could bring documents to Defendant's local counsel's office to be copied for him without charge.

4. On Friday, October 4, 2013, Plaintiff brought 404 pages of documents ("Plaintiff's Responses") to the office of Fowler White Boggs P.A., all of which were copied and returned to Plaintiff, and then scanned and emailed to me that same day.

5. I have reviewed all of the 404 pages of documents produced by Plaintiff and I make the following representations regarding the contents:

    a. Plaintiff did not include his Initial Disclosures as directed by the Order and as required by FRCP 26(a)(1);

    b. Plaintiff did not include a response to Defendant's First Set of Requests for Production of Documents to Plaintiff ("Document Request") as required by the Order and by FRCP 34; and,

    c. Plaintiff did not include a response to Defendant's First Set of Interrogatories to Plaintiff as required by the Order and by FRCP 33.

6. Plaintiff did include in his Responses two copies of the "Plaintiff (sic) Preliminary Answers To Defendants (sic) Interrogatories" ("Plaintiff's Interrogatory Answers") dated October 10, 2012, a copy of which is attached hereto as Exhibit A, which was served on Defendant one year ago.

7. Plaintiff's Interrogatory Answers are copies of the document sent to Defendant in October 2012, unchanged, which document served as a basis for Defendant's Motion to Compel, and which document this Court found deficient as set forth in the Order.

8. The balance of Plaintiff's Responses consists of documents in no particular order, neither separated, organized, nor identified as responsive to any particular Document Request.

9. Plaintiff's Responses include, *inter alia:* documents related to his administrative charges of discrimination; documents related to his and certain co-workers' employment at Defendant; documents related to petitions for injunctions against violence that were filed as a result of his fight with a co-worker; 22 pages of a partial transcript of a deposition taken in an action against him by the worker's compensation insurer for Defendant; documents sent by Plaintiff to the NAACP; documents related to the initial Complaint Plaintiff filed in this Court in 2010; and documents from the Jacksonville Sheriff's Department related to a complaint made by Plaintiff and related to his arrest.

10. Plaintiff did not produce documents with his Responses that were requested by Defendant, and that he testified were in his possession, including, *inter alia*: the videotape he made of Defendant's Human Resources Manager (Def. Motion, ¶ 26, p. 13); the audiotape of a phone conversation he had with Defendant's counsel *(Id.)*; or copies of documents related to a lawsuit against him by Defendant's workers' compensation carrier, all of which are responsive to Document Request No. 1 (*Id.*, pp. 14, 15). (Plaintiff had a complete copy of the complaint in that lawsuit at his deposition but has not produced it). Plaintiff's Responses also show no indication that he has provided documents responsive to Document Requests 5, 7, 10, or 22 (*Id.*, pp. 15-19), as required by the Order.

11. The documents in Plaintiff's Responses are mixed together without regard for date or subject matter as if they were "shuffled." As a result, it is impossible for Defendant to identify with certainty which documents respond to which requests. Further, without the Response to Defendant's Request required by FRCP 34, Defendant is unable to ascertain which documents have been withheld and why.

12. In support of Defendant's request for attorney's fees, attached hereto as Exhibit B is a copy of the relevant portion of an Invoice from Crowell & Moring to Defendant dated July 12, 2013. This section of the Invoice details the time and fees attributed to the preparation and filing of Defendant's Motion to Compel. The total fees requested is $14,892.00. (Defendant does not seek costs).

13. The attorneys at Crowell & Moring who worked on the Motion to Compel are James E. Kellett ("JEK") and Jon Moskowitz ("JAM"). As shown on the Invoice, Mr. Kellett bills at the rate of $555.00 per hour, and Mr. Moskowitz at the rate of $465.00 per hour.

14. Biographies from the Crowell & Moring website for Mr. Kellett and Mr. Moskowitz are attached hereto as Exhibits C and D, respectively.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on October 11, 2013 at New York, New York.

                                                              /s/ James E. Kellett
                                                                  James E. Kellett

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2013, I caused a true and correct copy of the foregoing DECLARATION OF JAMES E. KELLETT IN SUPPORT OF DEFENDANT LIQUID ENVIRONMENTAL SOLUTIONS CORPORATION'S RENEWED MOTION TO COMPEL DISCOVERY AND PLAINTIFF'S INITIAL DISCLOSURES, OR, IN THE ALTERNATIVE TO DISMISS, AND FOR ATTORNEYS' FEES, AND SUPPORTING MEMORANDUM OF LAW to be served upon Plaintiff by placing the document(s) listed above in a sealed envelope(s) and consigning it to first class mail service to the address set forth below:

>Darryl M. Whitehurst
>1554 W. 15th Street
>Jacksonville, FL 32209
>*Plaintiff Pro Se*

>*/s/ James E. Kellett*
>James E. Kellett

IRACTIVE-6031584.1